JONES *vs.* B. WEBBER and W. WEBBER.

In an action of ejectment against two, father and son, if it appear that the father had no claim to the premises, but was living with his son on the premises, as a lodger, having no concern with the occupation or management of the farm, he will not be considered as in possession of the premises, but on a disclaimer, will recover his costs against the plaintiff.

A parol agreement cannot be admitted to add to, or vary a written contract.

This was an action of ejectment, for a farm of land in Shrewsbury, containing one hundred and fifty acres.

Benedict Webber disclaimed for the whole, William Webber pleaded the general issue.

The following evidence was produced on the part of the plaintiff. A deed from Benedict Webber, the father, one of the defendants, to William Webber, the son, the other defendant, and a deed from William Webber to the plaintiff; both deeds describing the premises as in the declaration.

It was proved that Benedict Webber, the father from the time he conveyed the farm to his son in May 1789, had lived some times with his son on the premises, and was maintained by him; and some part of the time lived elsewhere, with his other children. That at the time this action was commenced, he was living with his son William Webber, on the premises; that he had no family, and had no concern with the occupation or management of the farm.

The Court held that this was not a sufficient possession in Benedict Webber, who had disclaimed, to entitle the plaintiff to costs against him, but that he should recover his costs against the plaintiff.

It was then stated by *D. Chipman* and *Smith* for the defendant, Benedict Webber, that at the time the deed was given by the defendant to the plaintiff, there was an agreement not reduced to writing, that the deed should be considered as a security for a certain sum of money loaned by the plaintiff to the defendant. The deed was not acknowledged, and if the defendant by a certain day, should procure notes from a certain third person to the plaintiff, for the amount of the sum loaned, the deed was to be delivered up to be cancelled. But if the notes were not procured, the defendant was to acknowledge, the deed, and the plaintiff to execute a bond to the defendant,

*Rutland,*
*February.*
*1814.*
Jones
*vs.*
B. and W.
Webber.

conditioned to re-convey the premises, on the payment of the money so loaned, by a certain day, which day had passed, before the commencement of this action.   That the notes not having been procured, the plaintiff had refused to execute the bond as agreed.   It was admitted that the money had not been paid by the defendant.

· *Williams* for the plaintiff, objected to this evidence, as it was offered with a view of adding to, and varying a written contract, by parol proof, which would not be permitted at common law; and as a case within the fourth section of the statute regulating conveyances.

*By the Court.*   To admit this evidence would be, not only against an express provision of the statute, but against the known and established rule of evidence, at common law—that parol proof cannot be admitted to add to or vary a written contract.   But, had all this been in writing, it would make no defence in the case; it could not effect the plaintiff's right to recover at law.   The defend-.ant would not certainly have been in a better situation than a mortgagor, after the day of payment is passed.

> Verdict for the plaintiff, against William Webber,  .
> and for costs in favor of Benedict Webber,
> against the plaintiff.

The defendant filed a motion to redeem which was continued by agreement of the parties.